IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 1:25-cv-03062-GPG-NRN

JAVIER DE DOMINGO CAMPOS,

    Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
ROBERT GAUDIAN, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity,
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity,
PAM BONDI, Attorney General, U.S. Department of Justice, in her official capacity,

    Respondents.

## ORDER

Before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus (D. 1). The Respondents' briefing filed on October 23, 2025, indicates that a merits hearing on Petitioner's application for relief from removal before the immigration judge (IJ) was scheduled for October 30, 2025 (D. 21 at 9). Depending on the outcome of the merits hearing, this Court might have to determine if Petitioner's Petition for Habeas Corpus is moot.

The Petition for Habeas Corpus is based on Petitioner's detention pending a determination in his removal proceedings. Petitioner challenges Respondents' assertion that he is subject to mandatory detention under 8 U.S.C. § 1225(b) as opposed to discretionary detention under

1

§ 1226(a) (D. 1at ¶ 21). Both of these statutes apply only to detention pending a determination in removal proceedings. *See Jennings v. Rodriguez,* 583 U.S. 281, 297 (2018) ("Once those [removal] proceedings end, detention under § 1225(b) must end as well."); *id.* at 306 ("[A]s noted, § 1226(a) authorizes the Attorney General to arrest and detain an alien 'pending a decision on whether the alien is to be removed from the United States.'"). Petitioner also challenges Respondents' use of the automatic stay regulation, 8 C.F.R. § 1003.19(i)(2), to continue detaining Petitioner pending a determination by the Board of Immigration Appeals (BIA) regarding Respondents' appeal of the IJ's bond determination (D. 1 at ¶ 39).

If the IJ has made a determination in the underlying removal proceedings – whether Petitioner was ordered removed or proceedings were otherwise terminated – that determination may soon become "final," meaning that Petitioner would no longer be detained *pending a determination* in the proceedings. The decision of the IJ "becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first." 8 C.F.R. § 1003.39. Thus, a final order from the IJ would moot the question of whether Petitioner is subject to detention under § 1225(b) or §1226(a). Furthermore, a final decision from the IJ would result in either Petitioner's mandatory detention or release, mooting the pending bond appeal. *See Zadvydas v. Davis,* 533 U.S. 678, 683 (2001) ("After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody. § 1231(a)(2).").

To prevent deciding moot questions, the Parties are ordered to provide a status update within seven days of this Order as to the outcome of the merits hearing that occurred on October 30, 2025, as well as an indication of when a removal order, if one was entered, is expected to become "final." The Parties are further instructed to provide briefings of no more than five pages

2

fleshing out the facts of this case, including the circumstances of the original bond hearing and the basis of Respondents' bond appeal to the BIA. In the meantime, the Court's Temporary Restraining Order prohibiting Respondents from removing Petitioner from the District of Colorado or the United States remains in effect (D. 16).

DATED October 31, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge