IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 1:25-cv-3062-GPG-NRN

JAVIER DE DOMINGO CAMPOS,

    Plaintiff-Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
ROBERT GAUDIAN, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity,
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity,
PAM BONDI, Attorney General, U.S. Department of Justice, in her official capacity,

    Defendants-Respondents.

---

**ORDER**

---

Before the Court is Plaintiff-Petitioner's Verified Petition for Writ of Habeas Corpus (D. 1). The Court GRANTS IN PART the petition for the following reasons. Because the briefing demonstrates that Plaintiff-Petitioner Javier de Domingo Campos's (Petitioner) challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

**I. FACTS**

This civil action arises from Petitioner's detainment at Immigration and Customs Enforcement's (ICE) Denver Contract Detention Facility in Aurora, Colorado pending a

1

determination in his removal proceedings.[1]  Petitioner entered the United States almost thirty years ago and has not left since (D. 1 at ¶ 1).  He has been married to his spouse for almost 30 years, and together they have raised four U.S. citizen children (*id.*).  On July 18, 2025, while driving to work in Denver, Petitioner was stopped by immigration agents who placed him under arrest and transported him to immigration custody (*id.* at ¶ 3). Following his arrest, ICE initiated removal proceedings, and Petitioner has remained detained at the Aurora Contract Detention Facility since that date (*id.*).  On August 14, 2025, Petitioner appeared before the Aurora Immigration Court for a custody redetermination hearing (*id*. at ¶ 4). At that hearing, the Department of Homeland Security (DHS) argued that Petitioner's detention was authorized under 8 U.S.C. § 1225(b), which provides for mandatory detention of noncitizen "applicants to admission" to the U.S. (*id.* at ¶¶ 4, 19).  The Immigration Judge (IJ) rejected DHS's argument, finding instead that Petitioner is detained pursuant to § 1226(a) and therefore eligible for bond (*id.*). The IJ further determined that Petitioner met his burden to show he is not a danger to the community nor a flight risk and accordingly ordered his release on a $10,000 bond (*id.*).

That same day, Defendant-Respondents (Respondents) invoked the automatic stay provision at 8 C.F.R. § 1003.19(i)(2), which provides for an automatic 10-day stay of an IJ's bond order to allow DHS to decide whether to appeal (*id.* at ¶ 5).  Respondents used this provision to immediately prevent Mr. Campos's release (*id.*).  On August 27, 2025, DHS filed a notice of appeal

---

[1] The Court draws the operative facts as set forth in Plaintiff-Petitioner's Verified Petition for Write of Habeas Corpus (D. 1).

2

with the Board of Immigration Appeals (BIA), thereby triggering the extended automatic stay under 8 C.F.R. § 1003.6(c) (*id.*).

On September 30, 2025, Petitioner filed the instant petition for writ of habeas corpus, arguing that ICE's authority to detain him is governed by 8 U.S.C. § 1226(a), not 1225(b)(2), and ICE's invocation of the automatic stay regulation violates his constitutional rights to procedural and substantive due process and exceeds the statutory authority Congress granted DHS (*id.* at 1).

On October 8, 2025, this Court issued a temporary restraining order prohibiting Respondents from removing Petitioner from the District of Colorado or the U.S. and ordering Respondents to show cause as to why the Petitioner should not be released from custody on bond (D. 16). Respondents' subsequent briefing filed on October 23, 2025, indicated that a merits hearing on Petitioner's application for removal before the IJ was scheduled for October 30, 2025 (D. 21 at 9). To prevent deciding a moot question, on October 31, the Court ordered the parties to provide a status update within seven days as to the outcome of the merits hearing and further briefing on the facts of this case (D. 25).

The Parties provided a joint status report on November 3, 2025 (D. 28) and an updated joint status report on November 6, 2025 (D. 29). The Parties stated that on November 5, 2025, the BIA issued an order remanding Petitioner's bond to the IJ for further factual findings, mooting Petitioner's challenge to the automatic stay provision under 8 C.F.R. § 1003.19(i)(2) (*id.* at 2). However, they agree that Peititoner's challenge as to whether his detention is governed by 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b)(2)(A) remains ripe before this Court (*id.*).

Respondents argue that this Court lacks jurisdiction to review DHS's determination to detain Petitioner pursuant to 8 U.S.C. § 1225(b), and Petitioner's detention is governed by 8 U.S.C.

3

§ 1225(b) because he is a non-citizen present in the United States who has not been admitted (D. 21 at 9). Petitioner argues his detention is governed instead by 8 U.S.C. § 1226(a), which establishes discretionary detention for noncitizens ICE arrests "[o]n a warrant issued by the Attorney General" and then placed in 8 U.S.C. § 1229a removal proceedings (D. 1 at ¶ 17). Petitioner says he is not subject to 8 U.S.C. § 1225(b) because that statute "governs only individuals seeking initial admission to the United States, not those like Mr. Campos who previously entered and have established residence" (*id.* at ¶ 69).

## II.  LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.  ANALYSIS

As one among many similar cases, the issues presented here have been litigated before. Respondents raise essentially identical arguments to those that they raised in prior cases in this District. *Compare* D. 21 *with Garcia Cortes v. Noem*, No. 1:25-CV-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) ("First, that the Court lacks jurisdiction 'to review ICE's initiation of removal proceedings under 8 U.S.C. § 1252.' ECF No. 7 at 7. Second, that even if the Court has jurisdiction, it 'should find that Petitioner is properly detained' under 8 U.S.C. § 2552(b)(2)(A) because he falls under the statute. *Id*. Third, that Petitioner has received adequate process. *Id*."). These arguments have been considered and rejected by this Court and by other Judges in this District. *Id*.; *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR (D. Colo. Oct.

4

17, 2025), ECF 33; *Moya Pineda v. Baltasar et al.,* No. 1:25-cv-02955-GPG (D. Colo. Oct. 20, 2025), ECF 21.  Respondents make no attempt to distinguish the authority rejecting their arguments.[2]  The Court finds the prior decisions from this District noted above entirely persuasive and adopts their analysis.

Accordingly, the Court finds that it has jurisdiction to hear Petitioner's challenge to his detention because his "claims are legal in nature and challenge specific conduct unrelated to removal proceedings."  *Garcia Cortes*, 2025 WL 2652880, at *2.  Because Petitioner was not detained while attempting to enter the country and does not have other circumstances that would subject him to mandatory detention, "Petitioner is not subject to § 1225(b)(2)(A)'s mandatory detention provision, nor does he fall outside of § 1226(a)'s discretionary detention provision based on any § 1226(c) exceptions" and "Respondents were wrong to detain him without an opportunity to seek release on bond."  *Id*. at *3.  "At bottom, the Court agrees with other courts that have, against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation."  *Id*. at *4 (collecting cases).

## IV.  CONCLUSION

For the foregoing reasons, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing his continued detention is proper and was proper at the time of his arrest.  Respondents shall provide

---

[2] The one case reaching a contrary result discussed by Respondents, *Chavez v. Noem*, No. 3:25-CV-02325-CAB-SBC, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025), is not persuasive.  As other courts have judiciously explained, *Chavez* relies on a flawed analyses of only an incomplete portion of the statutory provision at issue.  *Cerritos Echevarria,* v. *Bondi*, No. CV-25-03252-PHX-DWL-ESW, 2025 WL 2821282, at *4, *8 (D. Ariz. Oct. 3, 2025); *Cordero Pelico*, , *v. Polly Kaiser*, No. 25-CV-07286-EMC, 2025 WL 2822876, at *14 (N.D. Cal. Oct. 3, 2025) ("Petitioners here agree that they are 'applicants for admission.'  They contest whether they are 'applicants for admission . . . *seeking admission*' within the scope of 1225(b)(2), an issue the [*Chavez*] district court did not address at all.").

5

Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of this Order. Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to § 1225(b)(2)(A). Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial. Such status update shall also include as an attachment any warrant justifying Petitoner's detention at the time he was detained.

The Court further converts its previously issued Temporary Restraining Order (D. 16) into a preliminary injunction: Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court's jurisdiction, Defendants SHALL NOT REMOVE Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order or the case is terminated.

DATED November 13, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge