IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 25-cv-03062-GPG-CYC

JAVIER DE DOMINGO CAMPOS,

       Plaintiff-Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ,[1] Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN,[2] Secretary, U.S. Department of Homeland Security, in his official capacity,
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity,
TODD BLANCHE,[3] Attorney General, U.S. Department of Justice, in his official capacity,

       Defendants-Respondents.

---

**ORDER**

---

       Before the Court is the Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Motion) (D. 38) filed by Plaintiff-Petitioner Javier de Domingo Campos (Petitioner).

       This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied detention hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226.

---

[1] Substituted pursuant to Fed. R. Civ. P. 25(d).
[2] Substituted pursuant to Fed. R. Civ. P. 25(d).
[3] Substituted pursuant to Fed. R. Civ. P. 25(d).

1

After Petitioner was detained by U.S. Immigration and Customs Enforcement (ICE), he sought his release or, in the alternative, a detention hearing through a petition for habeas corpus (D. 1).  The Court granted Petitioner a hearing (D. 33).  Petitioner now seeks attorney's fees as the prevailing party under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (D. 38).

There are circumstances under EAJA where a plaintiff may recover reasonable attorney's fees from the United States.  EAJA fees are available for successful habeas petitions.  *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (holding an award of attorney's fees authorized under EAJA in habeas cases as a civil proceeding).  "Under EAJA, a fee award is required if: (1) plaintiff is a prevailing party; (2) the position of the United States was not substantially justified; and (3) there are no special circumstances that make an award of fees unjust.  28 U.S.C. § 2412(d)(1)(A)." *Hacket v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (internal quotation marks removed).  If the party seeking attorney's fees asserts that the position of the United States was not substantially justified, the government then has the burden of establishing substantial justification.  *Id*.

> When a district court reviews an EAJA application, however, it considers (among other things) whether the government's litigating position enjoyed substantial justification in fact and law; that is, whether its litigating position was *reasonable* even if *wrong.  See Gatson v. Bowen,* 854 F.2d 379, 380 (10th Cir. 1988).  "The government's position can be [substantially] justified," we have repeatedly held, "even though it is not correct." *Hackett,* 475 F.3d at 1172 (internal quotation marks omitted).  The test for substantial justification under the EAJA, the Supreme Court has added, is simply "one of reasonableness." *Pierce v. Underwood,* 487 U.S. 552, 563–64, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).  In other words, it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification.

*Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011).

The dispositive dispute related to the Motion is whether Defendants-Respondents' (Respondents') position was substantially justified.  The Court finds that it was.  The dispute raised

2

by Petitioner's case was whether his detention under 8 U.S.C. § 1225 was proper (D. 1). The Court

found that it was not and ordered a hearing (D. 33). Other courts, including other judges in this

district, have come out the other way. *See, e.g., Singh v. Baltazar*, No. 1:26-CV-01076-DDD-

TPO, 2026 WL 1282828, at *5 (D. Colo. May 11, 2026) (denying relief based on the "minority"

position). There is currently a circuit split regarding the proper result, which the Tenth Circuit has

yet to weigh in on. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (denying

hearing); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (denying hearing); *Barbosa da

Cunha v. Freden*, 175 F.4th 61, 72 (2d Cir. 2026) (granting hearing); *Hernandez Alvarez v.

Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026) (granting hearing). While

the Court is firmly convinced in the majority position, it cannot say that Respondents' position

was not substantially justified, at least as of the date it was advanced,[4] because their position

paralleled such decisions. *Kadidiatou D. v. Easterwood*, No. 26-CV-1218 (PJS/DLM), 2026 WL

969017, at *1 (D. Minn. Apr. 10, 2026) ("The division among courts, by itself, is strong evidence

that the government's position was substantially justified.").

Accordingly, it is ORDERED that the Motion (D. 38) is DENIED.

DATED June 29, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

---

[4] The Court views the narrow construction of the term "arrives in the United States" in 8 U.S.C. § 1225 afforded by the Supreme Court recently in *Mullin v. Al Otro Lado*, No. 25-5, 609 U.S. ----, 2026 WL 1825741, at *3 (June 25, 2026), as shifting the balance such that Respondents' position will no longer be substantially justified going forward.